```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                    -against-                              14 Cr. 468-1 (AT)

ANDY SOSA,                                                      ORDER

                                        Defendant.
```

ANALISA TORRES, District Judge:

On January 24, 2022, the Court granted Defendant Andy Sosa's motion for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A), finding that the risks posed by the COVID-19 pandemic constituted "extraordinary and compelling reasons" for modification. Order, ECF No. 548. On February 2, 2022, the Government moved for reconsideration of the Order, principally on the ground that because Sosa received a booster dose of the COVID-19 vaccine a few days before the Court issued the Order, the COVID-19 pandemic no longer poses sufficiently serious risks to him to warrant modification of his sentence and early release. Gov't Mem., ECF No. 549. For the reasons stated below, the Government's motion for reconsideration is GRANTED and Sosa's motion for compassionate release is DENIED.

## BACKGROUND[1]

In 2014, Sosa was indicted, along with his co-defendants, for (1) conspiring to distribute, and possessing with the intent to distribute a variety of drugs, including cocaine and heroin; and (2) using, carrying, and possessing a firearm in furtherance of a drug crime. ECF No. 2. Sosa ultimately pleaded guilty to lesser included offenses, ECF Nos. 178, 181, and the Honorable Shira Scheindlin sentenced him sixty months' imprisonment on each count to be served consecutively, for a total of 120 months' imprisonment. Dkt. Entry 12/8/2015; ECF No. 337.

---

[1] The Court assumes familiarity with the facts and procedural history of this action as set forth in the Order, and summarizes them briefly here. Order at 1–2.

According to the Bureau of Prisons, Sosa's release date is March 11, 2023.[2]

On May 18, 2021, Sosa *pro se* moved for compassionate release in light of the COVID-19 pandemic. ECF No. 535. On August 20, 2021, Sosa's attorney filed a supplemental motion to reduce his sentence under 18 U.S.C. § 3582(c)(1), stating that he suffers from "Type II diabetes, hypertension, high cholesterol, and hyperthyroidism," which puts him at heightened risk from COVID-19. ECF No. 542 at 2. At the time of Sosa's supplemental filing, he had received two doses of the Moderna COVID-19 vaccine. *Id.* at 6.

On January 24, 2022, the Court issued the Order, granting Sosa's motion for release, on the grounds that (1) preliminary clinical data showed some declines in the protection afforded by two doses of the vaccine against the Omicron variant, as compared to prior variants, and (2) that COVID-19 cases were increasing significantly at Sosa's detention facility. Order at 5–7. On February 2, 2022, the Government moved for reconsideration of the Order, contending that, on January 18, Sosa received a third booster dose of the vaccine, and the prevalence of COVID-19 at Sosa's facility had significantly decreased. Gov't Mem. at 2. The Government argued that Sosa could no longer demonstrate "extraordinary and compelling circumstances" warranting his release as a result. *Id.* On February 4, 2022, the Court ordered the parties to submit supplemental briefing on the particular risks Sosa faces as a result of the Omicron variant, in light of his boosted status. ECF No. 551.

**DISCUSSION**

I. <u>Legal Standard</u>

There is "no specific rule, either in the Federal Rules of Criminal Procedure or in this court's Local Criminal Rules, providing for the reconsideration of a ruling on a criminal matter." *United States v. James*, No. 02 Civ. 778, 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007)

---

[2] *See Inmate Lookup*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 26, 2022).

(citation omitted). When deciding motions for reconsideration in criminal matters, courts in this circuit resolve such motions "according to the same principles that apply in the civil context." *Id.* (alteration in original).

Motions for reconsideration of a civil order are governed by Local Civil Rule 6.3. Rule 6.3 provides that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion," and shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." A motion for reconsideration should be granted only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Thus, "to be entitled to . . . reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the [C]ourt's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

"Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399. And motions for reconsideration are "committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigr. & Customs Enf't*, No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citation omitted).

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

3

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)  extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Sosa must meet the exhaustion requirement[3] and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct; [and]
> (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

## II. Vaccination

The Government seeks reconsideration arguing that Sosa has received a third "booster" dose of the vaccine, and no longer demonstrates "extraordinary and compelling reasons"

---

[3] In the Order, the Court determined that even though Sosa had not met his burden of demonstrating exhaustion, requiring Sosa to fully exhaust his administrative remedies, given his unique circumstances and the exigency caused by the newest variant of the pandemic, would result in undue prejudice and render exhaustion of the full BOP administrative process both futile and inadequate. Order at 3–5. It therefore waived the exhaustion requirement. *Id.* at 4–5.

warranting a modification of his sentence. Gov't Mem. at 2. The Court agrees. Many courts granted modified sentences in light of COVID-19 for defendants with preexisting comorbidities that made them particularly vulnerable to the virus. *E.g.*, *United States v. Yu*, No. 90 Cr. 47, 2020 WL 6873474, at *4 (S.D.N.Y. Nov. 23, 2020) (collecting cases). However, following the advent and widespread availability of the COVID-19 vaccine, courts in this district have generally found that the vaccine provides "significant protection against serious illness or death should [a defendant] contract COVID-19," and have denied release on compassionate release grounds where defendants are fully vaccinated. *United States v. Diaz*, No. 19 Cr. 65, 2021 WL 2018217, at *1 (S.D.N.Y. May 20, 2021).

With the emergence of the Omicron variant, preliminary clinical data suggests that there is a marked decline in the vaccines' protections for individuals who are fully vaccinated, but have not received a third booster dose of the vaccine. In the Order, the Court relied, for instance, on a study based on clinical data from South Africa, which demonstrated that for fully-vaccinated individuals without a booster dose, vaccination conferred a 70% effectiveness rate against hospitalization from Omicron, as compared to 93% effectiveness against the prior Delta variant.[4] But, the study specifically noted that "[t]he addition of a booster dose of vaccine may mitigate this reduction in vaccine effectiveness."[5] Other courts have, therefore, found that fully-vaccinated individuals who had not yet received a booster dose were at sufficiently greater risk from Omicron and granted compassionate release. *E.g.*, *United States v. Rose*, No. 3 Cr. 1501, 2022 WL 19174 (S.D.N.Y. Jan. 3, 2022).

But, recent clinical data from the CDC also makes clear that even with respect to Omicron, "receipt of a third vaccine dose [i]s highly effective" at preventing severe illness and

---

[4] Shirley Collie et al., *Effectiveness of BNT162b2 Vaccine Against Omicron Variant in South Africa*, N. ENG. J. MED. (Dec. 29, 2021), https://www.nejm.org/doi/full/10.1056/NEJMc2119270.
[5] *Id.*

hospitalization.[6]  And, given clinical data demonstrating that fully-vaccinated and boosted individuals face little risk of severe illness or death from the Omicron variant, courts continue to find that such defendants have not demonstrated sufficiently "extraordinary and compelling" reasons militating release.  *E.g.*, *United States v. Rolle*, No. 20 Cr. 594, 2022 WL 605712, at *2 (S.D.N.Y. Mar. 1, 2022) (collecting cases).  Although Omicron does appear to cause breakthrough symptomatic infections even in fully-vaccinated and boosted individuals, studies show that symptoms are typically mild to moderate—further confirming that the boosters provide robust protection against serious illness and hospitalization.[7]  Sosa does not advance any compelling data that contradicts this conclusion, nor does he adduce any evidence that the vaccines, in his case, do not provide sufficient protection against COVID-19.  *See generally* Def. Mem., ECF No. 552.

The Court finds, therefore, that Sosa "now has significant protection against serious illness or death should he contract COVID-19." *Diaz*, 2021 WL 2018217, at *1 (citation omitted).  In such circumstances, courts in this district, and elsewhere, have found that a defendant "fails to show that relief is warranted due to the risk of COVID-19." *E.g.*, *id.*.

The Court recognizes—as it did in its Order—that Sosa has taken many strides towards rehabilitation and improving his life, including obtaining his GED and maintaining a clean disciplinary record while incarcerated.  But, rehabilitation alone does not present an extraordinary and compassionate reason for release.  *United States v. Marmolejos*, No. 19 Cr. 626, 2021 WL 807128, at *4 (S.D.N.Y. Mar. 3, 2021).

---

[6] Mark G. Thompson et al., Ctrs. for Disease Control & Prevention, *Effectiveness of a Third Dose of mRNA Vaccines Against COVID-19–Associated Emergency Department and Urgent Care Encounters and Hospitalizations Among Adults During Periods of Delta and Omicron Variant Predominance — VISION Network, 10 States, August 2021–January 2022*, MORBIDITY & MORTALITY WEEKLY REP. (2022), https://www.cdc.gov/mmwr/volumes/71/wr/mm7104e3.htm.

[7] Constanze Kuhlmann et al., *Breakthrough Infections With SARS-CoV-2 Omicron Despite mRNA Vaccine Booster Dose*, THE LANCET (Jan. 18, 2022), https://www.thelancet.com/journals/lancet/article/PIIS0140-6736(22)00090-3/fulltext#sec1.

Accordingly, Sosa's motion for compassionate release is denied without prejudice to renewal "should future evidence demonstrate that new COVID-19 variants render the . . . vaccine[s] significantly less effective at preventing serious illness or death from COVID-19, such that [Sosa] is at a substantial risk of serious illness or death from a COVID-19 infection." *Diaz*, 2021 WL 218217, at *1 (citation omitted).  For these same reasons, the Court also finds that a reduction of his sentence is not warranted.

## CONCLUSION

Accordingly, the Government's motion for reconsideration is GRANTED, and Sosa's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.  The Clerk of Court is directed to terminate the motion pending at ECF No. 549.

SO ORDERED.

Dated: May 26, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge